IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISON

_____

| | |
|---|---|
| LISA PENA | ( No. 19-263 |
| | ( |
| v. | ( |
| | ( |
| MIDLAND COUNTRY CLUB, INC., Individually and d/b/a MIDLAND COUNTRY CLUB; MIDLAND COUNTRY CLUB and JOHN DOE Nos. 1-3 | ( ( ( ( |

_____

<u>COMPLAINT</u>
_____

TO THE HONORABLE JUDGE OF THE COURT:

LISA PENA, Plaintiff, complains of MIDLAND COUNTRY CLUB, INC., Individually and d/b/a MIDLAND COUNTRY CLUB; MIDLAND COUNTY CLUB and JOHN DOE Nos. 1-3., Defendants, and for causes of action would show:

1.
(The Party Plaintiff)

LISA PENA, Plaintiff, is an individual and resident of Midland County, Texas.

2.
(The Party Defendant)

Defendant MIDLAND COUNTRY CLUB, INC. is a domestic non-profit corporation doing business in Midland County, Texas in the form of the operation of a country club and as MIDLAND COUNTRY CLUB. This Defendant may be served by serving with process: David Gardner, Midland Country Club, 6101 No. State Hwy. 349, Midland, TX 79705.

Defendant MIDLAND COUNTRY CLUB is a domestic non-profit corporation doing business in Midland County, Texas in the form of the operation of a country club. This

Defendant may be served by serving with process:  David Gardner, Midland Country Club, 6101 No. State Hwy., Midland, TX  79705.

Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendants. These additional defendants will be designated as John Doe Nos. 1-3.

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Midland County, Texas, which is located within the Midland Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for she sues for remedies under Title VII and other federal statutes.

The conditions precedent to filing suit have been met. The Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. On or about September 28, 2019, served a Notice of Rights was served upon the Plaintiff.

3.
(Causes of Action)

LISA PENA, the Plaintiff, hereafter referred to as "Pena" was employed by MIDLAND COUNTRY CLUB, INC., Individually and d/b/a MIDLAND COUNTRY CLUB and MIDLAND COUNTRY CLUB, hereafter referred to as "Country Club" beginning in 2010. Pena had started as a receptionist and had moved up to the position of Member Services. At the time of her termination, which was on or about June 20, 2018, she was in Member Services.  At the time of her termination, Pena was earning $20.00 per hour and was also compensated with other benefits.

A. Sexual Harassment and Sex Discrimination

During her employment with the Country Club, Pena was subjected to sexual harassment and sexual discrimination by one or more employees of the Country Club. A Todd Andes, the food and beverage manager, for the Country Club had been sexually inappropriate against Pena when he would come into her work area. Andres had worked at the Country Club as a bartender for many years and was promoted to Food and Beverage Manager in either 2016 or 2017. Pena had reported sexually inappropriate behavior by Andes to Kristi Tubb but was advised by Tubb that the inappropriate behavior was typical behavior for him. Actually, members of the Country Club complained about Andes' sexually inappropriate behavior to management and the behavior stopped for a stopped time; only for Andes to return to committing sexually inappropriate acts. The conduct of Andes and the acquiescence of Country Club's management created a hostile work environment. It was further aggravated by the Country Club's failure to take corrective action.

Instances of sexually inappropriate conduct by Andes included one instance where Pena asked him to hand her something. Andres replied, "I will hand you this" and gestured dramatically to his crotch. Andres would come into Pena's work area and other parts of the Country Club and say "deez nuts" and he would gesture at his crotch. Andres would come into Pena's work area and grab his chest and do a dance. Andes' behavior was highly offensive, and Pena was concerned about her work area being a public place where club members would pass by.

The former general manager, Don Bearer, spoke with Andres about Andes' lewd behavior, and it stopped temporarily. When the new manager, David Gardner, was hired, Andes stopped the sexually offensive behavior, but Andes resumed the inappropriate behavior in May 2018.

On or about June 14, 2018, Pena met with Kristi tubb, Membership Director, who was

Pena's immediate supervisor, to report Andes had been sexually inappropriate when Andes came into her work area. Tubb refused to take corrective action and told Pena "it was understood that it was typical behavior for him."

The Defendants, the Country Club, discriminated against Pena by forcing her to endure a sexually hostile environment and creating an unsafe worksplace by failing to take corrective action. The Defendants aggravated the sexual discrimination by using Pena's complaint of sexual harassment as the, or a cause, of her termination on or about June 20, 2018.

As a proximate result, the Defendants caused Pena to suffer both special and general damages in the form of loss of income, mental anguish and pain and suffering, loss of dignity and wellbeing, and physical and mental impairment, for which Pena requests an award of compensatory damages.

## B.  Disability Discrimination

In November 2017, Pena injured her knee at work, but did not seek immediate medical attention. By January 2018, Pena experienced pain that intensified to the point she was having difficult walking. Health care providers had attempted to treat her with different medication, which would work temporarily. On or about June 10, 2018, Pena began taking a new medication which caused stomach issues. On or about June 14, 2018, Pena was required to leave work because of nausea and diarrhea caused by the medications. She called in sick on or abut June 15, 2018 and June 16, 2018. She was not scheduled to work on June 17-18, 2018. Pena returned to work on June 19, 2018 and was written up and then terminated the next day.

Pena had a good work record during her eight years of employment with the Country Club. She had rarely taken a sick day during the eight year period.

The knee injury Pena sustained had caused her to sustain a disability and to physically affect a normal, regular activity, that is walking. The Country Club failed to provide Pena with a reasonable accommodation for the physical condition and permitting her to utilize sick leave because of the effects of pain medication. As a result the Country Club violated the Americans With Disability Act by terminating her.

The Country Club had a pattern of discriminating against Pena on the basis of disability after she utilized the Country Club's health insurance plan for an injury to her son. The Country Club protested a care flight for the son to be taken to Lubbock, due to the cost which was in excess of $50,000.00.

### C. Violation of Texas Labor Code

Separately, Pena requests the Court to exercise its pendent jurisdiction over the Defendants violation of the Texas Labor Code. Pena sustained an on-the-job injury, and the Defendants retaliated against her by terminating her because of the injury. As such, Pena sustained general and special damages in the form of loss of income, mental anguish and pain and suffering, in the past and future, and mental and physical impairment.

### 4.
### (Damages)

As a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of loss of income, future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff has sustained a loss of income of up to $120,000.00. The Plaintiff sues for reinstatement, or in the alternative, reasonable future loss of income in the amount of up to $450,000.00. The Plaintiff requests up to $1.5 million for damages of past mental anguish and pain and suffering and mental and physical impairment. The Plaintiff requests an award of up to $500,000.00 for future mental anguish and pain and

Suffering and mental and physical impairment.

The Plaintiff prays for the sum of $450,000.00 for loss of retirement benefits.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Defendants acted knowingly, intentionally or with reckless indifference in discriminating against the Plaintiff. As such, the assessment of up to $500,000.00 for punitive damages is requested.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $10,000.00 for trial of this case.  If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demand a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendants be cited to appear and answer and after a trial on the merits, the Plaintiff request the recovery of a Judgment awarding the following relief:

[a]  Compensatory damages for the elements and in the elements alleged above;

[b]  Reasonable attorney's fees;

[c]  Pre-judgment interest, post-judgment interest and costs of court;

[d]  Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX  79701
432-570-4014
stevehersh@sbcglobal.net

By: __/s/ Steve Hershberger_____
Steve Hershberger
Texas State Bar # 09543950

Attorney for Plaintiff